IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LORA AISTROP, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. _____ |
| ) | |
| vs. ) | |
| ) | |
| CENTRAL CREDIT SERVICES, INC., ) | |
| DEBBIE GREEN, JUSTIN BARNES, ) | |
| THOMAS ROBERTS, BRIAN DOE, and ) | |
| CACV of COLORADO, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Lora Aistrop, and files this Complaint through her attorney, Everett H. Mechem as follows:

### JURISDICTION

1. Jurisdiction is proper in this Court.

2. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, **15 U.S.C. §1692 et seq.** ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because Defendants transact business here and Plaintiff resides here.

1

## PARTIES

4. Plaintiff, Lora Aistrop, (hereinafter "Plaintiff") is a "natural person" who resides in Hawkins County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. §1692a(3)**.

5. Defendant Central Credit Services, Inc. (hereinafter "Defendant CCS") is a collection agency operating from an address of 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225, and is "debt collector" as that term is defined by **15 U.S.C. §1692a(6**), and may be served through its Registered Agent as follows: LexisNexis Document Solutions, Inc., 2908 Poston Ave., Nashville, TN 37203.

6. Defendant Debbie Green, (hereinafter "Defendant Green") is a "natural person" and is an agent servant and/or employee and employed at all times relevant herein by Defendant CCS as a collection agent and is a "debt collector" as that term defined by **15 U.S.C. §1692a(6)** and may be served at her business address as follows: 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225.

7. Defendant Justin Barnes, (hereinafter "Defendant Barnes") is a "natural person" and is an agent servant and/or employee and employed at all times relevant herein by Defendant CCS as a collection agent and is a "debt collector" as that term defined by **15 U.S.C. §1692a(6)** and may be served at his business address as follows: 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225.

8. Defendant Thomas Roberts, (hereinafter "Defendant Roberts") is a "natural person" and is an agent servant and/or employee and employed at all times relevant herein by Defendant CCS as a collection agent and is a "debt collector" as that term defined by **15**

2

U.S.C. §1692a(6) and may be served at his business address as follows: 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225.

9. Defendant Brian Doe, (hereinafter "Defendant Doe") is a "natural person" and is an agent servant and/or employee and employed at all times relevant herein by Defendant CCS as a collection agent and is a "debt collector" as that term is defined by **15 U.S.C. §1692a(6)** and may be served at his business address as follows: 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225.

10. Defendant CACV of Colorado (hereinafter "Defendant CACV of Colorado") is a collection agency and limited liability company operating from an address of 4340 S. Monaco Street, 2nd Floor, Denver, CO 80237, and is "debt collector" as that term is defined by **15 U.S.C. §1692a(6)**, and may be served through its Registered Agent as follows: The Corporation Company, 1675 Broadway Street, Suite 1200, Denver, CO 80237.

## FACTUAL ALLEGATIONS

11. Plaintiff Aistrop incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term defined by **15 U.S.C. §1692a(5)**, namely, a debt with Providian Bank, in the approximate amount of Two Thousand Eight Hundred Twenty Seven Dollars and Sixty Four Cents ($2,827.64), which was used by Plaintiff Aistrop for personal, family and household purchases.

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff Aistrop.

3

## COLLECTION CALL JUNE 10, 2011

13. On June 10, 2011, at 1:00 p.m. EST, Debbie Green (hereinafter "Defendant Green"), an agent for Defendant CCS called Plaintiff Aistrop at her place of employment in an attempt to collect on a Judgment owed to CACV of Colorado. Plaintiff Aistrop informed Defendant Green that she had been making payments on the Judgment and that it should be almost paid off at this time. At no time did Defendant Greene inform Plaintiff Aistrop that she was a debt collector.

14. During this conversation, Defendant Green told Plaintiff Aistrop she did not have a record of anything being paid. Plaintiff Aistrop told Defendant Green that was impossible and Plaintiff Aistrop was transferred to Justin Barnes (hereinafter "Defendant Barnes"). At no time did Defendant Greene or Defendant Barnes inform Plaintiff Aistrop that they were a debt collector.

15. Defendant Barnes was very rude to Plaintiff Aistrop and told her that he wanted the money paid in full. Plaintiff Aistrop informed Defendant Barnes that she wanted to do some research to find out what is going on because she had been making payments. At no time did Defendant Barnes inform Plaintiff Aistrop that he was a debt collector.

16. Defendant Barnes adamantly told Plaintiff Aistrop, that she owes this money and that the last payment was in 2006 for Two Hundred Twenty Three Dollars ($223.00).

17. Defendant Barnes proceeded to tell Plaintiff Aistrop that she was going to pay the amount and that he would take the appropriate steps to ensure she would pay and hung up on her. At no time did Defendant Barnes inform Plaintiff Aistrop that he was a debt collector.

## COLLECTION CALL JUNE 22, 2011 at 10:30 a.m.

On June 22, 2011, at 10:30 a.m. EST, Debbie Green, agent for Defendant CCS called Plaintiff Aistrop at her place of employment once again, in an attempt to collect the consumer debt owed to Defendant CCS. Plaintiff Aistrop told Defendant Green that she was at work and could not talk and that Plaintiff Aistrop would have to call Defendant Green back. At no time did Defendant Greene inform Plaintiff Aistrop that she was a debt collector.

### 2nd COLLECTION CALL JUNE 22, 2011

18. Defendant Green called back about an hour later and Plaintiff Aistrop was unavailable Plaintiff Aistrop stated she had been with customers was unavailable.

19. Defendant Green then transferred Plaintiff Aistrop to Thomas Roberts (hereinafter "Defendant Roberts"). Plaintiff Aistrop informed Defendant Roberts that she was still researching the account and was waiting on Linda Noe of the Law Office of Finkelstein, Kern, Steinberg & Cunningham to return her call because Plaintiff Aistrop only knew of one (1) account that she might have outstanding.

20. Defendant Roberts told Plaintiff Aistrop she needed to call him back by 4:00 p.m. June 22, 2011. At no time did Defendant Roberts inform Plaintiff Aistrop that he was a debt collector.

### COLLECTION CALL JUNE 24, 2011 AT 10:30 a.m.

21. On June 24, 2011, at 10:30 a.m., Defendant Green once again, called Plaintiff Aistrop at her place of employment. Plaintiff Aistrop apologized for not calling Defendant Roberts back by 4:00 p.m. on June 22, 2011, but that she worked the sales floor and it was very difficult, if not impossible to take calls at work.

5

22. Defendant Green told Plaintiff Aistrop she understood, that Defendant Green works on commission and it is based on how much money the Defendant collected. At no time did Defendant Greene inform Plaintiff Aistrop that she was a debt collector.
23. Plaintiff Aistrop was then transferred to Defendant Thomas Roberts. Plaintiff Aistrop apologized to Defendant Roberts for not returning his call but she was with customers.
24. Defendant Roberts immediately interrupted Plaintiff Aistrop and said this is the same story that you told Debbie Green. At no time did Defendant Roberts inform Plaintiff Aistrop that he was a debt collector.
25. Plaintiff Aistrop tried to explain to Defendant Roberts that it was for two (2) different accounts and that she was researching it.
26. Defendant Roberts then became extremely upset and stated, so what you are saying is you are not paying your bill?
27. Plaintiff Aistrop then informed Defendant Roberts that she didn't know how much the debt was for or if it was even her debt.
28. Plaintiff Aistrop again, informed Defendant Roberts that she was at work and could not talk about it, that she had customers.
29. Defendant Roberts then told Plaintiff Aistrop they would start the proceedings to garnish her wages because there is a Judgment and that The State of Tennessee will not be so lenient and that Plaintiff Aistrop needed to call before 4:00 pm that day. Defendant Roberts then hung up on Plaintiff Aistrop. At no time did Defendant Roberts inform Plaintiff Aistrop that he was a debt collector.

## 2nd COLLECTION CALL JUNE 24, 2011 at 11:00 a.m.

30. On June 24, 2011 at 11:00 a.m. EST, Defendant Green called Plaintiff Aistrop at work again and said she had some information to give Plaintiff Aistrop. Defendant Green proceeded to tell Plaintiff Aistrop that Defendant Green had already spoken to the Hawkins County Clerk's Office and this Judgment was in effect and gave Plaintiff Aistrop a claim number.

31. Plaintiff Aistrop told Defendant Green that she was with a customer and could not talk to her. At no time did Defendant Greene inform Plaintiff Aistrop that she was a debt collector.

## 3rd COLLECTION CALL JUNE 24, 2011

32. Shortly thereafter, Defendant Roberts called and asked to speak with someone in payroll and that Defendant Roberts was trying to get a corporate telephone number.

33. Steve Howard, who is the office manager where Plaintiff Aistrop works, answered the phone and informed Defendant Roberts that he would be the person to speak with about payroll.

34. Defendant Roberts said that he knew "you have a Lora there" and that he needed to "put something into effect", that he had to get some paperwork together and Defendant Roberts would get Steve Howard what he needed.

35. Defendant Roberts asked Mr. Howard for his work fax number and what his position was, in which Mr. Howard responded that he is the Office Manager.

## 4th COLLECTION CALL JUNE 24, 2011

36. Defendant Green called Plaintiff Aistrop again on June 24, 2011, at 3:26 p.m. and said that although Defendant Greene wasn't supposed to do this, but because Plaintiff Aistrop

7

did not think the account was hers, Defendant Greene gave the Plaintiff Aistrop a case number and the telephone number to the clerk's office telephone number being 423-272-3395 and that Defendant Greene has talked to the clerk's office.

37. Defendant Green went on to inform Plaintiff Aistrop that Defendant Green could lose her job and that the Defendant works on commission and has a quota to meet. At no time did Defendant Greene inform Plaintiff that she was a debt collector.

38. The Hawkins County Clerk's Office was called and the clerk stated that she had not talked to anyone about the Plaintiff's case. The last time anything had been done to this case was the filing of the Judgment in 2006.

### COLLECTION CALL JUNE 28, 2011 at 10:25 a.m.

39. Defendant Green called Plaintiff at work on June 28, 2011, at 10:25 a.m. EST. Plaintiff again informed Defendant Green to stop calling her, she has spoken with an attorney.

40. Once Plaintiff told Defendant Green she had an attorney, Defendant Green then stated "this was to collect a debt".

41. Plaintiff once again informed Defendant Green not to call her at work and gave Defendant Green her attorney's name and phone number.

42. Defendant Green informed Plaintiff that she was trying to keep her job and that she had went above and beyond to help Plaintiff.

### 2nd COLLECTION CALL JUNE 28, 2011 at 10:30 a.m.

43. On June 28, 2011, at approximately 10:30 a.m. EST, Defendant Green called Plaintiff's attorney's office and stated she works for Defendant CCS Collections and had just spoken with Plaintiff, Lora Aistrop. Defendant Green asked for Everett Mechem. Defendant Green was told that Mr. Mechem was with a client and asked if she would like

to leave a message. She stated yes and that she needed a Power of Attorney faxed to the following number: 904-727-9472.

44. Defendant Green went on to say that Plaintiff had not told her prior to June 28, 2011, not to call her at work or that she had obtained an attorney and that Plaintiff was trying to blame Defendant Green. Defendant Green stated "you know how they do, like they always do." Defendant Green was informed that the message would be given to Plaintiff's attorney, Everett Mechem. At no time did Defendant Greene inform any employee of the Mechem Law Firm that she was a debt collector attempting to collect a debt.

### 3rd COLLECTION CALL JUNE 28, 2011

45. On June 28, 2011, "Defendant Brian Doe", who stated he is a Manager for Defendant CCS called Plaintiff's attorney's office and inquired as to the matter, and what the attorney was representing Plaintiff in regards to.

46. Defendant Brian Doe was informed that the attorney represents Plaintiff in relation to "this debt" and that he needs to send the attorney any information he has in relation to the debt, such as a contract, letters, statements and that he should contact the attorney's office and not Plaintiff in regards to this debt.

47. Defendant Brian Doe then asked if the attorney is going to try to negotiate settlement of this debt and he was informed, that the attorney was not.

48. Defendant Brian Doe then asked why the attorney wanted him to send documents, that Defendant Doe felt this was a waste of his time and that the law firm was not going to cooperate and hung up. At no time did he state that he was debt collector attempting to collect a debt.

## COLLECTION CALL JUNE 29, 2011

49. On June 29, 2011, Defendant Green called Plaintiff's attorney's office stating she has never received anything in writing that Everett Mechem represents her and that they will be calling Ms. Aistrop tomorrow if they don't get something in writing. Defendant Greene requested a power of attorney not a representation letter. Defendant Greene still did not state that she was a debt collector attempting to collect a debt.

## SUMMARY

50. Defendant CCS's collector, Defendant Green, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by **15 U.S.C. §1692a(2)**.

51. All of the above-described collection communications made to Plaintiff by Defendant CCS, it's agent servant and/or employers, Defendant Green, Defendant Roberts, Defendant "Brian Doe" and other collection employees employed by Defendant CCS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to, **15 U.S.C. §§ 1692a(c)1, 1692a(c)3, 1692e, 1692e(5), 1692e(10), 1692e(11), 1692f, 1692g** amongst others.

52. During their collection communications, Defendant CCS and these individual debt collectors employed by Defendant CCS repeatedly failed to provide Plaintiff with the notices required by **15 U.S.C. §1692g,** in violation of numerous and multiple provisions of the FDCPA, including but not limited to, **15 U.S.C. §§ 1692a(c)1, 1692a(c)3, 1692e, 1692e(5), 1692e(10), 1692e(11), 1692f, 1692g**.

53. The above detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was in violation of numerous and multiple provisions of the FDCPA,

including, but not limited to, all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to Plaintiff.

54. Defendants' disclosures of Plaintiff's indebtedness to third parties was an invasion of her privacy and her right to financial privacy.

55. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## RESPONDENT SUPERIOR LIABILITY

56. The acts and omissions of Defendant Debbie Green and Defendant Thomas Roberts amongst other debt collectors employed as agents, servants and/or employees by Defendants Central Credit Services, Inc., who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CACV of Colorado.

57. The acts and omissions by Defendant Debbie Green and Thomas Roberts amongst other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CACV of Coloraado in collecting consumer debts.

58. By committing these acts and omissions against Plaintiff, Defendant Debbie Green and Defendant Thomas Roberts were motivated to benefit their principal, Defendant CACV of Colorado.

59. Defendant CACV of Colorado is liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to, violations of the FDCPA and Tennessee Tort Law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

60. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. **U.S. Const. amend.7. Fed.R.Civ.P.38**.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, **15 U.S.C. §1692** et seq., with respect to Plaintiff.

63. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to **15 U.S.C. §1692k(a)**(1); statutory damages in the amount up to One Thousand Dollars ($1,000.00) pursuant to **15 U.S.C. §1692(a)(2)(a)**; and, reasonable attorney's fees and costs pursuant to **15 U.S.C. 1692k(a)(3)**, from each and every Defendant herein.

12

Case 2:12-cv-00239-JRG-DHI   Document 1   Filed 06/08/12   Page 12 of 17   PageID #: 12

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

64. Plaintiff incorporates by reference to all of the paragraphs of this Complaint as though fully stated herein.

65. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasion of individual privacy.** 15 U.S.C. §1692(a) (emphasis added).

66. Congress further recognized a consumer's right to privacy in financial data in passing the *Gramm Leech Bliley Act*, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. **15 U.S.C. §6801(a)** (emphasis added).

67. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff,

13

Case 2:12-cv-00239-JRG-DHI   Document 1   Filed 06/08/12   Page 13 of 17   PageID #: 13

namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

68. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

69. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

70. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns of affairs, and private financial information.

71. The conduct of these Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

72. As a result of such intrusion and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

73. Plaintiff incorporates Paragraphs 1 through 51.

74. Defendant Debbie Green and Defendant Thomas Roberts placed non-emergency telephone calls to Plaintiff's work telephone without Plaintiff's prior express consent in violation of **47 U.S.C. § 227(b)(1)(A)(iii)**.

14

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. §1692k(a)**(1) against each and every Defendant;

- for an award of statutory damages of One Thousand Dollars ($1,000.00) pursuant to **15 U.S.C. §1692k(a)(3)** against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. §1692(a)(3)** against each and every Defendant;

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial; and

- for such other relief as may be just and proper.

### COUNT III.

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

- for an award of actual damages pursuant to **47 U.S.C. § 227 (b)(1)(A)(iii)** against each and every Defendant;

- for an award of statutory damages of One Thousand Dollars ($1,000.00) pursuant to **47**

U.S.C. § 227(b)(1)(A)(iii) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **47 U.S.C. § 227(b)(1)(A)(iii)** against each and every Defendant;

- for such other relief as may be just and proper.

    Respectfully submitted on behalf of,

    **Lora Aistrop**

    By: **/s/ Everett H. Mechem**
       **Everett H. Mechem**
       **Attorney for Plaintiff**
       BPR #011854
       220 Broad Street, Suite 206
       Kingsport, TN 37660
       Telephone: (423) 207-1300
       Facsimile: (423) 370-1717
       everett@mechemlaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to **28 U.S.C. § 1746**, Plaintiff Lora Aistrop, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: June 8, 2012.

By: *Lora Aistrop*
Lora Aistrop